IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN MICHAEL WOODRUFF, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-622-ECM-CWB |
| | ) [WO] |
| CAMELIA CARGLE, WARDEN, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction**

John Michael Woodruff, an inmate at Staton Correctional Facility in Elmore, Alabama, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1).  In addition to asserting substantive claims, Woodruff alleges that the Circuit Court of Shelby County, Alabama is refusing to rule upon his pending petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  For the reasons set out below, the Magistrate Judge recommends that these proceedings be transferred to the Northern District of Alabama.

**II.  Discussion**

Pursuant to 28 U.S.C. § 2241(d), a state inmate may bring a § 2254 habeas petition in (a) the federal district court for the district where he is in custody (the Middle District of Alabama) or (b) the federal district court for the district where he was convicted and sentenced (the Northern District of Alabama).  Section 2241(d) further provides that either such court "in the exercise of its discretion and in furtherance of justice" may transfer a § 2254 petition to "the other district court for hearing and determination."  28 U.S.C. § 2241(d).

1

The matters being complained of by Woodruff stem from his convictions and sentence in the Circuit Court of Shelby County, Alabama. The underlying records and witnesses thus are likely to be located in Shelby County, Alabama. Accordingly, it appears that the interests of justice and judicial economy would be furthered by a transfer of proceedings to the Northern District of Alabama.

### III.   Conclusion

It is the RECOMMENDATION of the Magistrate Judge that these proceedings be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 2241(d).

It is further ORDERED that, by **November 7, 2022**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 24th day of October 2022.

                                                                           **CHAD W. BRYAN**
                                                                           **UNITED STATES MAGISTRATE JUDGE**