IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN MICHAEL WOODRUFF, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CAMELIA CARGLE, WARDEN, *et al.*, )<br>)<br>Respondents. ) | CIVIL ACT. NO. 2:22-cv-622-ECM<br>(WO) |

**MEMORANDUM OPINION and ORDER**

On October 24, 2022, the Magistrate Judge entered a Recommendation that the petition for writ of habeas corpus be transferred to the United States District Court for the Northern District of Alabama (doc. 7). The Petitioner has filed objections to the Recommendation. (Doc. 9). The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections. For the reasons that follow, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the petition for writ of habeas corpus is due to be is transferred to the United States District Court for the Northern District of Alabama.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). *See also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires

that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507, 513 (11th Cir. 1990). "[A] party that wishes to preserve[his] objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (alteration added). If the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Following an independent evaluation and *de novo* review of the record in this case, the Court finds the Petitioner's objections are without merit and due to be overruled.

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections. The Petitioner's objection to the Magistrate Judge's recommendation that his petition be transferred to the Northern District of Alabama is sufficiently specific to warrant *de novo* review. Specifically, Woodruff objects to the Recommendation asserting that the Magistrate Judge erred in finding that personal jurisdiction over him exists in the Northern District. According to Woodruff, only the Middle District of Alabama has personal jurisdiction over him, and thus, his petition pursuant to 28 U.S.C. 2254 should not be transferred to the Northern District.

Pursuant to 28 U.S.C. 2241(d), district courts have "concurrent jurisdiction over 2254 habeas petitions . . . where the prisoner is incarcerated and where the state court that convicted and sentenced him was held." *McCormick v. Warden*, 2019 WL 8226083 (11th

2

Cir. 2019). It is within the district court's discretion to transfer this petition to the Northern District since Woodruff was convicted and sentenced in Shelby County, Alabama which is within the Northern District. *See id.*, *2 ("Both courts had jurisdiction over his habeas petition, so the judgment was not void for lack of jurisdiction.").

Accordingly, upon an independent review of the file in this case and for good cause, it is

ORDERED that the Petitioner's objections (doc. 9) are OVERRULED, the Recommendation of the Magistrate Judge (doc. 7) is ADOPTED, and this case is TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 2241(d).

DONE this 10th day of January, 2022.

                                                /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE